Okay, thank you. The next case on the docket is 519-0454 DeVore v. Stevenson. Arguing for the appellant Richard Stevenson is Matthew Robinson. Arguing for the appellee Jerry DeVore is Yolana Zinovich. You will see the digital timekeeping device on the clerk's screen. Each side will have 20 minutes for their argument. The appellant will also have five minutes for rebuttal. Please remember only the clerk of the court is permitted to record these proceedings. And counsel, for the recording, for the record, Justice Barberis is going to act as presiding justice on this case. So I defer to my colleague now. Thank you, Justice Gates. Are both of you ready and prepared to proceed? I am, your honor. Yes, your honor. Thank you and welcome this morning. Good morning and Mr. Robinson. Whenever you're ready. Yes, may it please the court, counsel. This case comes before the court for de novo review of a writ of mandamus that was issued by the circuit court ordering the current sheriff of Marion County to reinstate the former sheriff of Marion County as a sergeant. A writ of mandamus is an extraordinary remedy and it requires the plaintiff to prove his case with a clear evidence of a right to relief and the defendant's clear duty to act. And here a writ of mandamus is not appropriate because there is no plaintiff is unable to bear his burden of proof to show a clear right to reinstatement or a clear duty to be reinstated. The core of this case is interpretation of the Marion County Merit Commission rules and the plaintiff hinges this case on a single sentence in those rules without considering the context within which that sentence appears. The sentence relied upon by the plaintiff in seeking reinstatement is in article six of the Marion County Merit Commission rules. Article six has three subparts. Subpart a is the leave of absence provision. The plaintiff was a sergeant in the Marion County Merit in the Marion County Sheriff's office when he elected to run for sheriff in the special election to complete another sheriff's term. Under the rules of the Marion County Merit Commission, the plaintiff must take a leave of absence or resign in order to leave his sergeant's position and take the sheriff's position. Subpart a discusses leaves of absence and it specifically references leaves for government service and it also discusses if you don't follow the rules in certain circumstances you may be resigned. Is there any dispute as to whether or not Mr. DeVore in fact asked for a leave of absence? There's not, correct? That's correct, Justice Barberis. He did not request a leave of absence. Go ahead. All right and the leave of absence provision subpart a discusses resignation and that leads into subpart b which is entitled resignation and it provides that those who resign may only be reinstated with the approval of the sheriff and the merit commission. That's a discretionary act and that in that case the individual seeking reinstatement must follow the rules of reinstatement below. Those rules of reinstatement are subparagraph c titled reinstatement and subparagraph c provides that individuals who would like to be reinstated must meet the basic requirements for the job and go through the screening process of the merit commission and that brings us to the sentence the plaintiff relies on which provides the tenured personnel running for sheriff if elected or appointed will retain his tenured position on completion of his elective service and that is an exception to the rules of reinstatement. The rules of reinstatement say you must meet the basic requirements of the job and go through the screening process but if you left to serve as sheriff you're excused from proving that you meet the basic requirements of the job and you're excused from the screening process and that only makes sense to excuse someone who is serving as sheriff for meeting those requirements in order to be reinstated. How does the MCMC rules how do they line up with the other act involved in this case local government political rights act explain to me in simple parlance why this isn't in contradiction to that act. Yes your honor the local governmental employee political rights act states that you cannot interfere with individuals political rights and requiring somebody to take a leave of absence while they are serving as sheriff would not interfere with their political rights because it's a minor all you need to do is request a leave of absence and if you're going to leave your job for an elective office you either need to resign or take a leave of absence. Now you made it very clear you made a clear statement that while serving as sheriff it doesn't impede their political rights. What about is for running for sheriff? Well I think that that's a more questionable call while running for sheriff the there's no case law and attorney general's opinion said that requiring a leave of absence to run for sheriff could impede the political rights because that would require the individual to forego their salary forego pay while running for sheriff and that that provision doesn't come into play in this case because Mr. DeVore when he ran for sheriff in 2008 was not required to take a leave of absence to run for sheriff. And who made that determination? Who excused him from the MC rules that required it? I'm not sure who made that decision it's just we weren't able to determine whether a decision was even made just nobody nobody required you know and I think that to give a little background at the very least no one enforced it at the very least. That's true and to give a little background that when Mr. DeVore ran for sheriff it was a special election the current sheriff had resigned or left office in the middle of office and so they were looking for a sheriff and I think that might help explain why that provision was not enforced. I see I see so to attract some candidate to fill that position for that two-year period no one enforced that that rule. That's my that's a little bit of speculation but yeah. And at what time did Mr. DeVore cash in his his accrued benefits was that during the two-year tenure or after he had won or was running for the four-year his first four-year term? That was right after he he gained office for the two-year term he he gained office December 1st 2008 and in early December so right after he became sheriff for the two-year term the acting sheriff submitted a request for his paid leave to be paid out as his final pay as deputy and then the board took it up at a board meeting and approved his final pay as deputy and paid him over $33,000 of his accrued leave. And I think I think counsel your opposing counsel pointed out in her brief that while you suggest he was paid $33,000 that's that's a gross sum after taxes apparently he he received a net of $17,000 somewhere around there. Absolutely correct. Okay but it still was a $33,000 reportable income. Correct. Okay why why is that significant why is the amount of money significant? To me the it's not so much the amount but it is the fact that he received part of that amount was payment for his accrued sick leave and that can only be paid upon termination of employment under the they have a collective bargaining agreement a union represents the deputies and the sergeants and under that agreement the sick leave pay can only be made on termination of employment and and so I think that demonstrates that DeVore did not request a leave of absence. He resigned and while it wasn't a formal resignation he communicated that he did not intend to come back to the job because he cashed in all his paid leave and then that led did he did he really have a choice in doing that I mean the active sheriff is the one who initiated that process did he really have a choice in light of what was going on he couldn't be both. Well he could say that he could have taken a leave of absence and said it's not proper for me to be paid this because if I lose the future election I mean remember he's only going to be sheriff for two years unless he wins the next election. Right but we're talking about the two-year period where he took the money where the the two-year period is where he was paid out right. Correct. So at the time that occurred we're not talking about an election yet. He's already won the initial election there was a special election oh yeah there was two years yeah. So he really doesn't have a choice but to take that pay out because he's no longer under the collective bargaining agreement. Well the collective bargaining agreement does allow individuals to take a leave of absence just as the Marion County Merit Commission rules do and so had he taken a leave of absence under the collective bargaining agreement he would have had a right to return to his job. But once he's elected does he still have the right to do that? The right to request a leave of absence? Under the collective bargaining agreement. Is he still covered under the collective bargaining agreement when he's elected? Not as an elected sheriff but had he taken on he took office on December 1st the election results were announced much before December 1st I don't know the exact date but he he took the sheriff's position. I don't know how he can do that if he's now an elective he even if he knows are you just saying that there was a time between when he knew and when he was sworn in? Correct. But either way as as the sheriff he's no longer covered by that CBA so I'm not sure what effect and I'm asking you you know how does that really affect you once you've been elected? Are you really covered by that at all anymore? You are until December 1st and so until as of November 30th he is still covered by the collective bargaining agreement he's still a sergeant and he's going to now have to make a decision of whether he's going to resign or take a leave of absence and that's going to his decision is going to impact who he hires or how he goes about the hiring process to replace himself once he's sheriff we now need to hire well we need to promote a deputy to sergeant to take his sergeant position and then we need to hire a deputy and if if DeVore had any intentions of returning to a sergeant's position that deputy should have been hired conditionally upon his remaining sheriff because now if we return him to to being sheriff now we've got to demote a sergeant and terminated a deputy because there's only so much so many positions budgeted and so it is important that he make a decision one way or the other. I just don't know I mean he was sheriff I mean I don't know I just don't know how he remains with options is what's concerning me in this case and maybe maybe Ms. Zinovich can help me on that too I just I'm I'm concerned that he didn't have a choice here when he got elected there was there any provision under the CBA that specifically covered this issue? No your honor let me let me ask you this as a as an add-on to Justice Cates's question if he's not after his sheriff-elect before being sworn in is if if we assume that he's not covered under the CBA is he still under the MCM MC rules and have the ability to take a leave of absence under those guidelines? Yeah I would yes until he you know the fact that he won the election he's not sworn in until December 1st and so until then he's he's serving as a sergeant and he's still under both collective bargaining agreement and the MCMC rules. So he's he's sheriff-elect during that time but he's still a staff sergeant of the department until he's sworn in as sheriff? Yeah correct you know in his deposition I asked him when he thought his employment as deputy ended or his employment as sergeant and he answered once he was became sheriff. But are you asking him to tell the future is what my concern is um I mean when he got elected he knew he was elected and um as Justice Barbaros also said um we have two different potentially we have a collective bargaining agreement we have the merit commission rules um now he thinks he's going to be sheriff for two years then he I mean we're we're kind of asking him to tell the future right? Well to make a to declare his current intentions about the future he could say you know what if I lose a sheriff's election I'm not interested in coming back I'm going to resign I'm going to accept payment of all my paid leave and I'm going to serve as sheriff as long as I can. Conversely if he says I'm going to take a leave of absence that just keeps his options open if if he loses a future sheriff's election he can just say you know what I'm not interested in returning. If he is interested in returning then he doesn't have to get the sheriff and the merit commission to approve his returning he has preserved he has preserved his spot but that comes with the consequence of not being able to get at least your sick pay if not the other payments and so that's important too when he comes back if he's reinstated as sergeant he's going to be reinstated with no leave time whatsoever and so he's going to have to accrue that leave time over time. Why is that a problem though? I mean I would assume he knows that. Right and it would be a problem if he needs to take leave if he gets sick. Oh yeah but that's a risk everybody runs when they come into work and have to accrue it you know the only advantage he would get theoretically I guess is he's being put back into a sergeant position instead of at the bottom of the seniority list right? Right and he does not have to get the sheriff and the merit commission's approval. If you take a leave of absence you don't have to get approval but if you resign you have to get approval and and so if you resigned that approval prevents a writ of mandamus because now it's a discretionary act on the sheriff's part. Now if I remember correctly from reading the record and there was testimony from Mr. DeVore that he was unaware that if he were to lose the election that he could come back. Right. It was it was not until after he lost the second four-year term election that he realized he had the right to come back and tried to do so. He just figured he was he was out of the department if he lost the sheriff's election right? Right well and he talked to other people about that issue before he except before he ran for the two-year term and realized that was an issue. The acting sheriff at the time had negotiated a letter of understanding between the union and the sheriff's office saying I will act as sheriff but we need to sign this letter of understanding that I will have I will resume my sergeant's position after I'm no longer acting sheriff. So there was a signed letter to that? I agree they signed signed a letter of understanding and so had Mr. DeVore taken steps to indicate that he would want to return to his sergeant's position at that time as the acting sheriff had then we would have prevented from getting into this situation where it was unclear where he got paid out his paid leave time and he permanently replaced himself. Could you address in your last minute or so maybe Justice Gates will give you or I guess I'm the presiding right now so maybe I'll give you a couple extra minutes to address the issue of whether or not the court and the acting sheriff sheriff Stevens if they had the authority to do what the writ of mandibus was requiring them to do? Well it was because you make the argument makes the argument that it was unclear as to whether or not they have the authority to do what was being asked or required by the writ of mandibus. Well I think that at best the sheriff could elect to return him the the leave of absence provision says or if this was a resignation as I think it was it says then you have the sheriff and the merit commission if they both approve he can be reinstated and so at that point it's a discretionary act that the sheriff and the merit commission must agree to. Okay so so right and addressing I believe under your first argument section of the trial court erred in issuing a writ of mandibus because plaintiff did not have a clear right to relief and the defendant did not have a clear duty to act and so that that's what I was looking at the explanation for. Right and that's because it's not clear what route this plaintiff took did he take a leave of absence he says he didn't nobody thinks he did did he resign he says he didn't and so what exact status did he have and that makes it unclear and unless he's got an a writ of mandibus is inappropriate. Okay and I haven't had a chance I'll take just 30 seconds to briefly mention there's also the issue if you decide to apply the sentence that the plaintiff relies on there's a question of whether the merit commission even had authority to enact that provision because the merit commission only has authority for appointing people for employment certifying them for promotion and reviewing disciplinary and discharge decisions and a leave of absence doesn't fall within these. And I think your brief goes over that fairly thoroughly however you will have some time five minutes in in rebuttal and if you'd like to spin it on any of that you're welcome to do so but that does unless that'll end your first presentation. Uh Miss uh Zinovich did I pronounce that correctly? Yes you did thank you. If you're ready please proceed. Okay thank you mayor please the court thank you so much for giving us this opportunity to speak with you uh via zoom. I'd like to just talk about a little bit the merit system law and why we even have that law in place it is to make sure that public they're hired in these positions not based on political affiliations but their qualifications. Mr. DeVore was hired in 1997. Went to the proper loss he was promoted to sergeant in 2005. Your feed um paused or stopped for a moment so if you could start that part of it over again that'd be great. Okay and I apologize I do speak a little bit fast so that might um be a problem. So I have no idea why the technology works or doesn't but uh if you think that that is it we'll try it that way. Okay um so I was just mentioning about the purpose of the merit system law to ensure that we have qualified and proper personnel in place without looking at their political affiliations um you know the political contributions that they've made or any of those issues and that's one of the main reasons we have promotional lists promotional exams and applications and all these things that are within the merit system law. Mr. DeVore went through that system he was hired in 1997 as a deputy and in 2005 he was promoted to sergeant. He went through all of those procedures he's fully qualified he was the best candidate for the job not because of any political affiliations. As such he was a tenured employee tenured personnel if you will as the merit commission rules state in that article 5 section c as far as the reinstatement. I know we I my brief very thoroughly response to all of the arguments I'm just going to hit a couple things here. The merit commission rules as I read them it says that when the tenant officer intends to run for sheriff he has to ask for a leave of absence. I know there's a section in article 6a that talks a little bit about what will happen if you do ask for a leave of absence but there's really no section in here that says you shall ask for a leave of absence when you serve as a sheriff and unfortunately no matter how we wish to read this we can't add we can't ask this court to add language into the merit commission rules. Okay let me stop you for a moment in regard to running for his his first run in the special election for the two-year period that it's undisputed that he is indisputed that he is not asked for a leave of absence. Correct. That's correct so then there is a provision in the MCMC that suggests if he had done so then he would not have had to re-request a leave of absence while serving in a government office. Is that correct also? I don't read the rules that way as I read it it says that if you run for an office a political office you shall apply and then it talks about other leaves of absence not specifically for the sheriff's office it's very general about all leaves of absence for all different types of situations and the section about the reinstatement now that's very specific and it specifically deals with tenant personnel running for the sheriff if they're elected or appointed will retain their position that's what it says it is clear cut he retained his position whether he asked for a leave of absence or not is irrelevant because he retained it now if you do read these leaves of absence whether you run or you're elected both of those situations would be a violation of the political rights act now the political rights act is very specific you cannot have a rule or an ordinance that in any way no matter how minor no matter how minor it may be in any way prohibits an employee from exercising his political rights or inhibits in any way when you read article six section a leave of absence yes i'm sorry go ahead well did you have there was a there was a uh another glitch um so if you'll start that that portion of your uh of your discussion again that'd be great okay and i apologize i'm not sure what's happening right it's i don't think it's your rate of speech i think it's uh the uh just the technology there's some glitches well i appreciate your patience um what i was pointing to is the article six section a dealing with leaves of absences if you read the last paragraph it says that the sheriff and the commission are the sole judges of the appropriateness of the reasons and purposes for which the leave is requested and they alone shall establish the conditions for approval of such a request so if this rule tells the board that he has to ask for a leave of absence while he's serving as sheriff it is a violation of the political rights act because it allows the outgoing sheriff to put conditions of any sort and to be the sole judge of whether or not this leave is appropriate and in effect what it says that he could say no i'm not approving it that's right i'm sorry sure the outgoing sheriff wouldn't be the sole judge in that case wouldn't it be the outgoing sheriff and the uh mcmc board right the sheriff and the commission jointly would be the sole judges right what about what about the letter agreement that was entered into that was the um acting sheriff um he was not a part of any election he was just stepping up an acting sheriff that was a negotiated deal between him and his union and the sheriff the sheriff's office um just my point is though that if you're saying that the outgoing sheriff could have been a part of that agreement well the letter agreement only applied to the um acting sheriff it didn't apply to any future uh incoming sheriffs and just because why it didn't apply to your client no it did not it was specifically with just the acting sheriff and his position alone now of course in hindsight um what could devore have asked for a leave of absence could he have asked for an a letter of understanding of course he have but the question is the question is was he required to we had another cut out again so and you and you'll get some extra time so don't don't think that this is cutting into your time but uh it started when you said of course so if that helps and of course if you could go back to there um my point was that in hindsight yes he could have asked for a leave of absence yes he could have asked for a letter of understanding but the question isn't could he the question is was he required to we've got a rule from the commission that's very specific that if you are elected as sheriff you're a tenant personnel when you run which he was he ran while he was sergeant he was a tenured personnel he was um so that that applies to him if you're elected and he was he was elected you will retain your tenured position on on the completion of your elected office so when he he completed his elected office he retained his position that is a clear rule of the of the merit commission did you hear me on that one yes we're going okay now okay now okay now i'd like to address the issue of the salary um because there was a little um a little conversation about the fact that he asked he received and accepted this final pay um he did not initiate this request that was done by the acting sheriff and i think it's important to to note here that this check was actually cut december 9th eight days after he was already in office so he already was sheriff at that time when the the check was cut and why is that important i think it's important because he was a they knew um results many months before he became sheriff and if they in fact in indicate or intended this to be a resignation they would have been able to tell him that they should have been able to tell him that um and writing final pay um on a piece of paper does not equate to a formal resignation by my client a formal resignation or any resignation must be formal it must be voluntary it must be knowing by accepting but i don't think there was any requirement for a for a formal resignation uh under the circumstances as you're as you're setting them out i mean there's an in fact resignation if he accepts under the rules there's an in fact resignation by the simple act of accepting that pay that that those benefit pay and i i don't believe that there was this is money lies the argument i'm sorry right lies the argument um this is monies that he earned and was owing and due to him this is not monies for future payments it's not monies for future benefits or monies for future salary and i don't think i don't think there's any argument from the other side that these are future payments this is accrued benefits that if he accepts them then he's that's an indication that he is resigning that position so i i think i think you are are venturing off into a unnecessary argument when you're when you're suggesting well this isn't future payment this is stuff that he's earned i think everyone understands that um so you know part of the part of the issue that i have with this case is that um he your client stated uh i guess in a deposition that and i'm paraphrasing that he understood he was taking a risk that if he lost an election he might not have a job to come back to this was this was his understanding as he related it that was his understanding prior to running for the two-year position and he he took took on that risk now what's to say that you know with a little bit of investigation he could have found that that wouldn't have been a risk had he simply taken the the leave of absence because my my reading suggests that if had he taken a leave of absence at the time that he initially ran for the two-year period and won he would not have to ask for anything additional in terms of a leave of absence because it would last so long as his position as sheriff lasted so then in what six years when he lost the next election he would have come out of that losing uh campaign and been able to be not have had the 33 or 17 000 and approved benefits that he accepted when he when he took the position for the first time so and and my understanding is the compelling reason or the reason for that enactment uh was so that departments such as his and county boards uh could effectively manage their personnel and their budgets as to knowing whether or not they had a space open to hire a new deputy and move a new uh a current deputy up to sergeant or if they should put a current deputy in a temporary or a position as as sergeant and not fill that that deputy spot or if they do make sure that it's very clear that hey if if the sheriff comes back as a new deputy he's going to have a position so i'm not sure that you know the i think the strongest argument here on your client's position is that it doesn't under the under the uh political uh activity act or whatever that was he he's not being prohibited from running for political office but he certainly is being inhibited in some way by being required to uh take a leave of absence in order to do that well then i'll adopt that argument which i think we did in our um brief um during his deposition i think one of the things he said is he wasn't sure and quite frankly not being a lawyer and not being um able to understand um as we do or our judges do um he couldn't make that decision um that's why he wasn't able to be reinstated he came to an attorney so he can get a proper handle on it in hindsight could something else have been done yes on his behalf as well as the merit commission as where as as well as the acting sheriff everybody in hindsight could have done something differently what we have is the merit commission rules the merit commission rules that state he has to ask for a leave of absence are violative of the political rights act that that is the it does inhibit his ability to run not only his but anybody who would be required to run and then all right you uh and ask for a little absence um knowing that we're having a glitch yes um if you could start that last uh part over again that'd be great um okay um i'm sorry three seconds violating the political act right ultimately that's that's what we have is we've got merit commission rules that are violative of this political rights act we've got um a specific section that says that you're going to retain your position um he was a tenured personnel when he ran he was centered personnel when he completed um so he retained his position there is no discretion here um and if there is negative fallout within the sheriff's department because he has to come back um that's unfortunately a consequence that we have of poorly written rules um but this is what we have to deal with and we can't just input language into this section because it would make us feel better or it would make things make things easier um this is the cardboard let me ask you a question if i could why is mandamus the proper way to go as opposed to say mandatory injunctive relief why did you choose mandamus we chose mandamus because we do feel that the sheriff has a clear duty to act pursuant to these rules um it's not ambiguous the rule is very specific it says that he any tenured personnel running for sheriff if elected or appointed will retain his tenant position on completion of his elective office um so we don't feel there is any discretion here this is very clear um cut duty and our client has a clear cut right to return to his position as sergeant what is our obligation to your client if there's a conflict in the rules what what and what what do we do well if if you've got a conflict um if you feel this is a conflict first of all we've got rules that are a violation of public rights act so you have to void those out and if the other section is able to stand on its own legs on its own feet which this one does it's not uh in any way um limiting itself because the other the other parts of the rules are violated voided out um you must apply those rules as they are written um i'm hoping i answered your question yeah i know um and just to be clear for the record when so i'm concerned about the rules where you have to take this leave of absence what paragraph is that just for the in article five section j it says any tenured officer intending to run for a political office shall apply for a leave of absence as provided in article five paragraph a and then you go to paragraph um article um six paragraph a which deals with leave of absence and says leave of absence without pay may be granted to any member of the sheriff's department covered by the merit system irrespective of rank such leave may be granted whether the officer has or has not completed his probationary period um okay but those the two sections that you think violate the act regarding political conduct yes and then the the section that you believe stands on its own that's neutral as far as political activities is the one that says these to be reinstated and what is that just for the recording so that would be article six section c the last paragraph okay we've got enough technical glitches that if you need a another two minutes and would like to proceed with your argument i'm going to allow that oh i i appreciate it um i think the the arguments have been laid out very clearly in our brief so if there's any questions um i'd rather answer those than just rehash what we've already written okay i have nothing further uh justice wharton nothing okay just skates no thank you okay all right um zinovich thank you very much for your arguments sorry for the uh the technical glitches and i said i'm not a technical expert but i think your internet is la is was just lagging a bit that's what causes that my kids say that all the time when they're playing fortnight there you go that's what my kids would tell me at least i appreciate it thank you i wish i had stock in that fortnight yeah i will mute myself so i can allow uh the other attorney to go thank you mr robinson whenever you're ready and you're ready to go now then all right i'm ready uh justice you know i think that uh i want to address the sentence that the plaintiff relies on which is just a single sentence in 14 pages of rules and the one thing i want to point out about the sentence is that it's embedded in that subparagraph c it's not a standalone at the end of the article saying notwithstanding all the foregoing if you're to come back it is a specific clause that modifies the sentence that precedes it and and that makes sense because the sentence that precedes it says you've got to if you're a sheriff coming back after having resigned and you want to be reinstated you've got to meet the basic requirements of the job and go through the screening process again well that wouldn't make any sense and and as to the political right i don't understand your argument well i didn't catch i'm not sure i get what you're saying okay what i'm saying go ahead okay what i'm saying is that the sentence that the plaintiff is relying on is embedded in in subparagraph c it's not its own paragraph it's not modifying subparagraph b or subparagraph a it is embedded in paragraph c so it's modifying subparagraph c but but how does that change what she's saying i mean is there something in that paragraph that you think changes the mandatory effect of placement yes i think that other he has to uh right what i'm saying is it doesn't override that that one sentence it's for the plaintiff it's a great sentence to rely on but what i'm saying is it's taken out of context if you think there the plaintiff's argument is it modifies the entirety of article six and what i'm saying is it does not modify the entire article six it modifies the preceding sentence in subparagraph c of article six can you tell me specifically what the court ruled that you object to what was the specific finding or ruling because the relief you're asking for is that he not being reinstated at all right correct alternatively uh could the relief be that the merit commission would consider him i think the relief would be that the sheriff and the merit commission if they approve may reinstate him so they could they could review him it would be discretionary their findings would be discretionary they would have a discretionary right to reinstate the mr devore and sergeant so what relief are you asking this court for well i'm asking the court to overturn the writ of judgment in the defendant's favor and i don't think that we need to return this to the sheriff and the merit commission because the sheriff it requires both of their consents and the sheriff has already refused to reinstate and so without the sheriff reinstating him but i would be okay with the court saying you know what sheriff you need to consider and either accept him for reinstatement or not okay thank you and as to the political rights act um the uh devore did not ask for a leave of absence so regardless of whether so that's not right for a decision whether whether requesting it's a it's a hypothetical that didn't happen would the sheriff have said you don't get a leave of absence because i don't like your political party well that's hypothetical that didn't happen and it doesn't matter and even if but isn't her argument that the fact that you're relying on that uh is what makes it um antithetical to political activities i mean the fact that he has to do that even is what is um not allowed under the isn't that her argument it seems to be and even if that is the case then the question isn't the question becomes would the merit commission have enacted the the sentence that the plaintiff relies on would the merit commission have enacted that if the leave of absence was unlawful and that's what makes this not a clear right to reinstatement and not a writ of mandamus case so let me ask you one final question on it um at least for me with regard to the uh the political rights act um i don't think there's any way of saying that it pro you know the the mcmc prohibits his right to run for office but how do you argue that it doesn't at the very least inhibit it by requiring a leave of absence to run for office well to run for office the it's a de minimis you know to take a unpaid leave of absence uh yes you'd have to go without salary for some brief short of election period um but that's de minimis i've cited a couple cases under the constitution saying that's a de minimis infringement upon the right okay all right thank you let me um take that uh question by justice barbarus just one step further if he takes the leave of absence and wants to come back is it automatic or now do we have discretion again it would be automatic okay all right um i believe that we're out of questions no follow-up questions thank you and justice kate oh thank you all right well i thank you both for your arguments today